IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL A. WILSON, *et al.*, : | |
| : | Case No. 2:14-CV-156 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| BRIDGE OVERLAY SYSTEMS, INC., : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees in the amount of 28,136.25. (Doc. 48.) Defendants have not responded to the motion. For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

I.       BACKGROUND

Plaintiffs, the Administrator and Trustees of the Ohio Operating Engineers Health & Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund, and the Ohio Operating Engineers Education & Safety Fund, brought this case for delinquent fringe benefit contributions against Defendant Bridge Overlay Systems, Inc., under the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145. On September 15, 2015, this Court granted Plaintiffs' motion for summary judgment and entered judgment for Plaintiffs in the amount of: $102,895.91 for unpaid fringe benefit contributions; interest in the amount of $85,985.03 in interest plus $50.75 per day thereafter as long as the judgment remains unpaid; statutory interest in the amount of $85,985.03 plus $50.75 per day thereafter as long as the

judgment remains unpaid; reasonable attorney's fees; and $400 in court costs. (Doc. 45 at 32-33.) This matter is now before the court on Plaintiff's Motion for Attorney's Fees.

## II. STANDARD OF REVIEW

Under 29 U.S.C. § 1132(g)(2)(D), the award of reasonable attorney's fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan pursuant to 29 U.S.C. § 1145. *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996); *Bricklayers Pension Trust Fund v. Rosati, Inc.*, 187 F.3d 634, 1999 WL 503501, at *3 (6th Cir. July 7, 1999) (unpublished). The Sixth Circuit has adopted a rule that, in ERISA cases, there is no requirement that the attorney's fees awarded be proportional to the damage award; rather, the fee amount must be reasonable as determined using the traditional "lodestar" approach. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

The lodestar amount "is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The petitioning attorney "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, and bears the burden of proving that the number of hours expended and the rates claimed were reasonable, *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). Once a party seeking fees has shown that the number of hours expended and rates claimed were reasonable, "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle*, 515 F.3d at 552 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

## III. ANALYSIS

### A. Hourly Rate

Plaintiffs request fees calculated by an hourly rate of $200 for Attorney Brian C. Barch, in-house counsel for the Ohio Operating Engineers, and $215 for Attorney Elizabeth B. Howard, an associate at the law firm Vorys, Sater, Seymour & Pease LLP, and $370 for Attorney Daniel Clark, a partner at Vorys, Sater, Seymour & Pease LLP.  The attorneys submitted affidavits attesting to their experience in litigating cases of this nature.  Clark has litigated ERISA cases in federal court for 12 years.  (Doc. 48-2 at 2.)  He also stated that Howard, who has practiced law for approximately one year, has litigated other ERISA cases.  Barch has worked on ERISA collections cases for five years in his capacity as in-house counsel for the Ohio Operating Engineers, and has practiced law for over 12 years in total.  (Doc 48-1 at 1.)

To determine a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).  Courts in this district have found rates in the range requested by Plaintiffs to be reasonable.  *See, e.g.*, *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 995 F. Supp. 2d 835, 846-47 (S.D. Ohio 2014) (approving hourly rates in an ERISA case of $345 for an "intermediate partner" with 11 to 20 years of experience and $285 for a "young partner" with 6 to 10 years of experience); *Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 WL 553764, at *3 (S.D. Ohio Feb. 28, 2008) (approving hourly rate of $450 for attorneys with over 25 years of experience and considerable expertise in ERISA litigation).  Accordingly, the Court finds that the hourly rates here are reasonable.

3

### B.  Hours Expended

Plaintiffs have submitted billing entries reflecting 60.32 hours for Attorney Barch and a total of 51.4 hours of work for Attorneys Clark and Howard and their paralegal.

A fee applicant "should exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 437.  Counsel "is not required to record in great detail how each minute of . . . time was expended" but should at least "identify the general subject matter of his time expenditures." *Id.* at 437 n.12.  Time entries may be considered "sufficient even if the description for each entry was not explicitly detailed." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005); *see also Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 273 (6th Cir. 2007).  The Court finds that the billing entries provide sufficiently detailed accounts of the work performed and that the work billed on behalf of Plaintiffs was reasonable and necessary.  Moreover, the total fee request of $28,136.25 is reasonable given the duration of the litigation and the substantial briefing in which the parties engaged due to the defenses raised by Defendants.

### IV.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorney's Fees is **GRANTED**.  The Court hereby **ORDERS** an award of attorney's fees to Plaintiffs in the amount of $28,136.25.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  January 14, 2016**